```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
 CARLOS PEREZ OLIVO,                             :
                        Petitioner,              :
                                                 :        ORDER ADOPTING REPORT
 v.                                              :        AND RECOMMENDATION
                                                 :
 SUPERINTENDENT H. GRAHAM,                       :        15 CV 9938 (VB)
                        Respondent.              :
--------------------------------------------------------------x
```

Briccetti, J.:

  Before the Court is Magistrate Judge Andrew E. Krause's Report and Recommendation ("R&R"), dated March 23, 2021 (Doc. #16), on Carlos Perez Olivo's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a jury trial in Westchester County Court, petitioner was convicted of murder in the second degree and criminal possession of a weapon in the second degree. Petitioner was sentenced to concurrent terms of twenty-five years to life imprisonment on the murder charge, and fifteen years' imprisonment with five years' post-release supervision on the criminal possession of a weapon charge. The Appellate Division, Second Department, affirmed, and the Court of Appeals denied his application for leave to appeal. Thereafter, petitioner filed the instant petition.

  The parties' familiarity with the factual and procedural background of this case is presumed.

  The magistrate judge recommended that the petition be denied in its entirety. For the following reasons, the Court agrees with the magistrate judge.

  A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after

1

being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail.  See Fed R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews de novo those portions of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'"  Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).[1]  "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas corpus relief only if he can show that, in adjudicating his claim on the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the

---

[1]   Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1)–(2).  The state court's determination of factual issues is presumptively correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Moreover, when a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent.  Clark v. Perez, 510 F.3d 382, 391 (2d Cir. 2008).  Finally, a petitioner's unexhausted claims can be denied on their merits under a de novo standard of review.  28 U.S.C. § 2254(b)(2); see Berghuis v. Thompkins, 560 U.S. 370, 390 (2010).

Petitioner filed timely objections to the R&R.  (Doc. #18).  The Court has carefully reviewed the R&R and the underlying record de novo as to any specific objection petitioner has made.  Upon de novo review, and applying, as did the magistrate judge, the proper standard of review under AEDPA, the Court finds petitioner's objections to be without merit.

## CONCLUSION

Having carefully reviewed the magistrate judge's thorough and well-reasoned R&R and the underlying record, the Court finds no error, clear or otherwise.  Accordingly, the Court adopts the R&R as the opinion of the Court, and the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter Judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this order to petitioner at the following address:

Carlos Perez Olivo, DIN 08-A-6428
Eastern NY Correctional Facility
30 Institution Road
P.O. Box 338
Napanoch, NY  12458-0338

Dated: July 30, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

4